IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRON FONTENOT, § | | |
| TDCJ #1507118, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-2474 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Iron Fontenot (TDCJ #1507118, former TDCJ #619588, #452429, and former BOP #83950-079), also known as Ervin Luveail Fontenot, seeks a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254. The respondent has answered with a motion for summary judgment (Docket No. 17), arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Fontenot has filed a reply and a motion for discovery. (Docket Nos. 21, 22). After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.   BACKGROUND

Fontenot is currently in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") as the result of a conviction

entered against him in cause number 1141486. A Harris County grand jury returned an indictment against Fontenot in that case, charging him with felony theft of service. The State enhanced that indictment for purposes of punishment with allegations that Fontenot had at least two prior convictions (one for sexual assault and the other for retaliation). Fontenot elected to waive a jury and proceed with a court trial. At the conclusion of the State's evidence on May 15, 2008, Fontenot pleaded guilty to the charges against him. After Fontenot conceded further that the enhancement allegations in the indictment were true, the 185th District Court for Harris County, Texas, accepted the guilty plea and sentenced Fontenot to serve 3 years' imprisonment pursuant to the terms of a plea agreement. Fontenot did not pursue an appeal from that conviction.

Fontenot now seeks a writ of habeas corpus to challenge his theft-of-service conviction under 28 U.S.C. § 2254. In a petition filed on July 6, 2010,[1] Fontenot contends that he is entitled to relief for the following reasons: (1) the indictment was fundamentally defective; (2) the trial court lacked jurisdiction; (3) the evidence was legally insufficient; and (4) he was denied effective assistance of counsel. The respondent argues that the petition must be dismissed as untimely under the governing one-year

---

[1] The Clerk's Office received the petition on July 9, 2010, and filed it the same day. The petition is dated July 6, 2010, indicating that the petitioner placed his pleadings in the prison mail system on that date. Under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits his habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

statute of limitations found in 28 U.S.C. § 2244(d). The respondent's motion is discussed further below under the governing standard of review.

## II.     DISCUSSION

The respondent has filed a motion for summary judgment asking this Court to dismiss the petition as barred by the statute of limitations on federal habeas corpus review. Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure. In this instance, the respondent's summary-judgment motion must be determined in compliance with the federal habeas corpus statutes. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA was enacted, at least in part, to ensure comity, finality, and deference to state court determinations by limiting the scope of collateral review and raising the standard for federal habeas relief. *See Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003) (citations omitted). The respondent's arguments are addressed below in connection with the governing one-year statute of limitations.

### A.     One-Year Statute of Limitations

The respondent observes that Fontenot engaged in substantial delay in seeking federal review of his conviction. The respondent argues, therefore, that the petition must be dismissed as untimely. According to the AEDPA, all federal habeas corpus petitions

3

filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

As outlined above, Fontenot challenges a conviction for theft of service that was entered against him following a guilty plea that was entered on May 15, 2008. Where a state court conviction is at issue, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Although Fontenot did not pursue direct review from his guilty plea, the time to do so expired on June 14, 2008 — thirty days after his guilty plea. Thus, the conviction became final on that date. The deadline to file a habeas corpus petition in federal court expired one year later on June 14, 2009. Fontenot's pending petition, dated July 6, 2010, is late by almost a year and is therefore time-barred unless an exception applies.

### B. Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. A state application for collateral review is "*properly* filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)

(emphasis in original). In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." *Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002)).

Seven months after Fontenot entered his guilty plea, Fontenot filed a state habeas corpus application on December 18, 2008, under Article 11.07 of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals dismissed that application shortly thereafter on January 28, 2009, for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. *See Ex parte Fontenot*, No. 71,351-01. This state habeas proceeding does not toll the limitations period for purposes of § 2244(d)(2) because it was not "properly filed" in compliance with state procedure. *Causey*, 450 F.3d at 605.

Five months after his first state habeas application was dismissed for procedural deficiencies, Fontenot filed a second state habeas corpus application on July 15, 2009. The state habeas corpus court, which also presided over the court trial and Fontenot's guilty plea, entered detailed findings of fact and concluded that he was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied that application, based on findings made by the trial court, on April 7, 2010. *See Ex parte Fontenot*, No. 71,351-04. Because this state habeas proceeding was filed after the AEDPA limitations period had already expired, it had no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not

tolled by a state habeas corpus application filed after the expiration of the limitations period).

Fontenot has filed a reply to the respondent's summary-judgment motion. He raises no other basis for tolling the limitations period and the record does not disclose any. In that regard, Fontenot has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D).

In addition, Fontenot does not provide facts showing why, after the Texas Court of Criminal Appeals denied his second state writ on April 7, 2010, he waited three additional months to file his federal habeas petition on July 6, 2009. Fontenot has made no effort to explain his delay and the record does not otherwise show that he pursued relief with the requisite diligence to warrant tolling for equitable reasons. *See Holland v. Florida*, ─ U.S. ─, 130 S. Ct. 2549, 2562 (2010) (clarifying that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing'")(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Because there is no statutory or equitable basis to save the petitioner's late-filed claims, the Court concludes that the

petition is untimely and that the respondent's motion for summary judgment must be granted.

### C. Fontenot's Motion for Discovery

Fontenot has filed a motion for discovery, which appears to seek a continuance under Rule 56(f) of the Federal Rules of Civil Procedure. (Docket No. 22). The motion is denied for reasons set forth below.

To the extent that Fontenot's motion is governed by Rule 56(f)(2), a continuance is authorized to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken, if the party opposing a motion for summary judgment shows by affidavit that it cannot present facts essential to justify its opposition. FED. R. CIV. P. 56(f)(2). Motions for a continuance under Rule 56(f) are "generally favored, and should be liberally granted." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992)). To justify a continuance, however, the Rule 56(f) motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact. *See Stearns Airport Equip.*, 170 F.3d at 534-35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)). In that regard, the movant "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but

unspecified, facts.'" *Stearns Airport Equip.*, 170 F.3d at 535 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted)).

Importantly, Rule 56(f) and the other Federal Rules of Civil Procedure apply only to the extent that they are not inconsistent with any statutory provisions or the rules governing federal habeas corpus review. *See* 28 U.S.C. *foll*. § 2254, Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts. Discovery is limited in habeas corpus proceedings. "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000). "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief." *Murphy*, 205 F.3d at 814. Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.* In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Id.* "Simply put, Rule 6 does not authorize fishing expeditions." *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In this instance, Fontenot asks for a wide assortment of documents from the Assistant District Attorney's file, including the names and addresses of the state's witnesses, copies of all written confessions, admissions, and statements by the petitioner, information in the possession of law enforcement, photographic evidence, and physical

evidence. Importantly, Fontenot provides no facts in support of his need for this information and he makes no effort to explain how the requested items would raise a genuine issue of material fact in relation to his claims or the asserted defense of limitations. Because Fontenot fails to include specific facts that pertain to his claims for relief, his request falls far short of the showing of good cause necessary to permit discovery under Rule 6. Accordingly, his motion for discovery will be denied.

### III.     CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Docket No. 17) is **GRANTED**.

2. Fontenot's motion for leave to conduct discovery (Docket No. 22) is **DENIED**.

3. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

4.	A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 23rd day of November, 2010.

_____

Kenneth M. Hoyt
United States District Judge